1  Thornton Davidson #166487
   THORNTON DAVIDSON, P.C.
2  1195 West Shaw Ave, Suite A
3  Fresno, California 93711
   Tel: (559) 476-5064
4  Fax: (559) 421-0368
   E-mail: thornton@thorntondavidsonlaw.com
5
6  Attorneys for Plaintiffs AKAL BROADCASTING CORP., et al.

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10                                * * * * *

11 | AKAL BROADCASTING CORP., a             | Case No.:
12 | California corporation; XL MEDIA (CA), |
   | INC., a California corporation; AKAL   | **COMPLAINT FOR TRADEMARK
13 | MEDIA, INC., a Washington corporation; | INFRINGEMENT UNDER LANHAM
   | CHARANJIT S. BATTH, an individual;     | ACT § 43(a)(1)(A); COMMON LAW
14 | NACHHATAR S. DHALIWAL, an              | TRADEMARK INFRINGEMENT;
   | individual; BALRAJ S. BRAR, an individual; | BREACH OF FIDUCIARY DUTY;
15 | NAZAR S. KOONER, an individual,        | CONVERSION; INTENTIONAL
                                              MISREPRESENTATION; ACCOUNTING**
16              Plaintiffs,

17 vs.                                        <u>**JURY TRIAL REQUESTED**</u>

18
   SUKHDEV SINGH DHILLON, a Canadian
19 citizen; MOHAN S CHEEMA; TARNVIR S.
   BISLA; JAGDEEP S DHALIWAL; BAAZ
20 BROADCASTING CORP., a Washington
   corporation; RADIO PUNJAB, INC., a
21 California corporation; AMAR
   BROADCASTING INC., a Washington
22 corporation; TEG BROADCASTING INC., a
   Washington corporation; RADIO SPICE USA
23 INC., a California corporation; and DOES 1-
24 50,

25              Defendants.

26

27

28

Plaintiffs AKAL BROADCASTING CORP., XL MEDIA (CA), INC., AKAL MEDIA, INC., CHARANJIT S. BATTH, NACHHATAR S. DHALIWAL, BALRAJ S. BRAR, and NAZAR S. KOONER ("Plaintiffs") submit the following Complaint against Defendants SUKHDEV SINGH DHILLON, MOHAN S CHEEMA, TARNVIR S BISLA, JAGDEEP S DHALIWAL, BAAZ BROADCASTING CORP., a Washington corporation; RADIO PUNJAB, INC., a California corporation; AMAR BROADCASTING INC., a Washington corporation; TEG BROADCASTING INC., a Washington corporation; RADIO SPICE USA INC., a California corporation; and DOES 1-50.

## I.   PARTIES

### Plaintiffs

1. Plaintiff Akal Broadcasting Corp. is a California corporation duly organized and existing under the laws of the State of California, having an office and place of business at 4221 W. Sierra Madre Ave., Unit 109, Fresno, CA 93722. The company owns radio station KIGS 620 AM in Fresno, CA.

2. Plaintiff XL Media (CA), Inc., is a California corporation duly organized and existing under the laws of the State of California, having an office and place of business at 4221 W. Sierra Madre Ave., Unit 109, Fresno, CA 93722. The company owns radio station KGSV 660 AM in Bakersfield, CA.

3. Plaintiff Akal Media, Inc., is a corporation duly organized and existing under the laws of the State of Washington, having an office and place of business at 26461 104TH Ave SE, Kent, WA, 98030. The company owns radio station KZIZ 1560 AM in Seattle, Washington.

4. Plaintiff Charanjit S. Batth is an individual residing at 5434 W Kamm Ave, Caruthers, CA 93609. He is a stockholder of all three Plaintiff companies.

5. Plaintiff Balraj S. Brar is an individual residing at 8910 S. Walnut Ave, Fresno CA 93706. He is a stockholder of Akal Broadcasting Corp.

6. Plaintiff Nachhatar S. Dhaliwal is an individual residing at 9517 S Zediker Ave, Parlier, CA 93641. He is a stockholder of Akal Broadcasting Corp. and XL Media (CA) Inc.

7. Plaintiff Nazar S. Kooner is a California resident living at 8013 Guru Ramdas Court, Bakersfield, CA, 93307. He is a stockholder of XL Media (CA), Inc.

Defendants

8. Defendant Sukhdev Singh Dhillon is a Canadian citizen with a United States address at 26461 104th Ave SE, Kent, WA 98030. He is a stockholder, Director, and Officer of all Defendant companies, and is the "lead Defendant" in this matter.

9. Defendant Mohan S. Cheema is a California resident with an address at 2520 West Shaw Lane, Suite 106 Fresno, CA 93711. He is a stockholder, Director, and Officer of Defendant companies Baaz Broadcasting Corp. and Amar Broadcasting Inc.

10. Defendant Tarnvir S. Bisla is a California resident with an address at 250 Aldeburgh Circle, Sacramento, CA 95834. He is a stockholder, Director, and Officer of TEG Broadcasting Inc., a Defendant company.

11. Defendant Jagdeep S Dhaliwal, 3704 W Ashcroft Ave, Fresno CA 93722. He is stockholder, Director, and Officer of Defendant Radio Spice USA Inc.

12. Defendant Radio Punjab, Inc. is a California corporation with a principal place of business at 3704 W Ashcraft Ave., Fresno, CA 93722. This corporation operates the infringing radio stations in KGST Fresno and KWAC Bakersfield.

13. Defendant Baaz Broadcasting Corp. is a Washington corporation with a principal place of business at 26461 104th Ave. SE, Kent, WA, 98030. This corporation operates the infringing radio station KNTS in Seattle.

14. Defendant Amar Broadcasting Inc. is a Washington corporation with a principal place of business at 26461 104th Ave. SE, Kent, WA, 98030. This corporation has filed an application with the FCC to be assigned the license for infringing radio station KNTS in Seattle under the 100% ownership of Defendant Dhillon.

15. TEG Broadcasting Inc. is a Washington corporation with a principal place of business at 26461 104th Ave. SE, Kent, WA, 98030. This corporation holds the license for infringing radio station KOKO-FM 94.3 in Fresno.

16. Radio Spice USA Inc. a California corporation 3704 W Ashcraft Ave., Fresno, CA 93722.

17. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as Doe 1 through Doe 50 are unknown to Plaintiffs who therefore sue these Defendants by their fictitious names. Plaintiffs will ask leave to amend this complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereon allege that some of these fictitiously named Defendants have responsibility for or were involved in the events described herein which resulted in Plaintiffs' damages. Such allegations have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were acting on their own behalf and as agents or employees of each of the other Defendants, and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf. Further, Defendants were authorized by Defendants' principals in the doing and the manner of the acts alleged and ratified said behavior. (Hereafter, unless otherwise specified, defendants including Doe 1 through Doe 50 will be referred to collectively as "Defendants.")

## II. JURISDICTION AND VENUE

19. This action is based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the statutory and common law of the states of California and Washington.

20. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338 (b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of the violations of Sections 43(a) of the Lanham Act. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.§ 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

21.     This Court has personal jurisdiction over Defendants because they regularly transact, conduct, or solicit business in California and Washington and within this District, or engage in other persistent courses of conduct and/or derive substantial revenue from advertising over radio stations located in California and Washington; the transactions and acts giving rise to this action occurred in California and Washington; and Defendants are registered with the Secretary of State of California and Washington to do business in those respective states, and also maintain corporate offices within this District in the Fresno metropolitan area; and the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Plaintiffs within California and Washington and in this District.

22.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

### III.  GENERAL ALLEGATIONS

A. <u>FACTUAL BACKGROUND</u>

1.     <u>Beginnings of Radio Punjab, 2001-2004</u>

23.     Sukhdev Singh Dhillon is the lead Defendant in this case. Dhillon began broadcasting under the Radio Punjab name in Canada in 2001, serving a Punjabi population of approximately 240,000 residing in the Vancouver metropolitan area.[1] His station provided a mix of music, news, sports, and talk radio programming.

24.     After initially leasing airtime on a Canadian station, Dhillon looked into purchasing an American radio station to lower his costs. In 2002 Dhillon located an AM radio station just across the border in Ferndale, Washington, that he could use to broadcast to Vancouver, 45 miles northwest of Ferndale. Dhillon persuaded his relatives to purchase the station, KPRI, but he continued to lease airtime for Radio Punjab. After a conflict with his relatives over ownership around 2004, the station was rebranded as Sher-E-Punjab in place of Radio Punjab.

---

1 The Punjabi ethnic population identifies with the Punjabi region that crosses the border of India and Pakistan. Punjabis can be of Sikh, Muslim, or Hindu faith. There are an estimated 240,000 Punjabis in the Vancouver metropolitan area, and some 160,000 in California, mostly in northern and central California.

### 2. Dhillon Recruits Investors to Broadcast in the United States

25. Beginning in 2014, Dhillon began to recruit investors to purchase radio stations. Through various corporations he purchased and launched the following stations:

| | | | |
|---|---|---|---|
| Fresno | KIGS | 620 AM | October 2014 |
| Sacramento | KRPU | 1210 AM | April 2015 |
| Fresno | KQEQ | 1210 AM | May 2015 |
| Oakland | KMKY | 1310 AM | June 2015 |
| Seattle | KZIZ | 1560 AM | March 2016 |
| Bakersfield | KGSV | 660 AM | June 2016 |
| Seattle | KKDZ | 1250 AM | June 2017 |

26. Dhillon sought passive investors such as Plaintiffs to finance his acquisitions. As a Canadian citizen, Dhillon was at that time limited by FCC foreign ownership rules to a maximum stake of 15%, and he also needed the investors' capital. Dhillon generally established a separate company to own each radio station so that he would have flexibility in terms of the investor composition. Upon information and belief, some of Dhillon's investors are close friends or relatives who hold their interest for Dhillon's benefit.

27. Dhillon enticed Plaintiffs to invest in his stations by promising them that they would double their investment upon sale of the station within two years. Almost all of the agreements between Plaintiffs and Defendants in this controversy were oral agreements.

28. Dhillon maintained operating control of all his radio stations, including all aspects of financial management and accounting, FCC licensing, programming, hiring, and firing of personnel, advertising sales, promotion, and all other operational matters. He operated the Radio Punjab broadcasting network in return for programming fees of $5,000 per month paid by each station.

29. Plaintiff Batth invested about $4.4 million between 2015 and 2017 in eight radio stations, including $617,500 in KIGS Fresno, $500,000 in KGSV Bakersfield, and $650,000 in two Seattle radio stations. After initially concentrating holdings in Akal Broadcasting Corp., Batth and Dhillon held a meeting with Plaintiff Brar March 6, 2019, where they agreed 1) to create a separate corporation to hold the license for each radio station; 2) on a clarification of the percentage share ownership of each stockholder in these corporations; and 3) to set price targets

for the sale of four radio stations with an incentive for Dhillon to meet the targets: KIGS Fresno, KZIZ Seattle, KGSV Bakersfield, and KQEQ Fresno. None of the stations were successfully sold by Dhillon.

### 3. The Radio Punjab Service Mark

30. Defendant Dhillon first used the Radio Punjab service mark in Canada in 2001. He also used the mark broadcasting into Canada from Ferndale, Washington between 2002-2004. He did not broadcast into any United States metropolitan markets before 2014, when he began recruiting investors to begin broadcasting at the three stations currently owned by Plaintiffs as well as for stations in Oakland and Sacramento.

31. The mark in question consists of 1) the trade name Radio Punjab; 2) a logo with the name Radio Punjab in English and Punjabi and an eagle; and 3) a jingle tagline saying, "This is the Radio Punjab, it goes with you everywhere, when you're in the store, in the house, on the highway, this is the Radio Punjab."

32. Dhillon never registered the Radio Punjab service mark with the US Patent and Trademark Office (USPTO). Concurrent with this filing, Plaintiffs have applied to register the mark with the USPTO for use in Fresno, Bakersfield, Seattle, and any other areas where the mark has not been used in the United States. The mark is suitable for registration because similar marks have been registered, e.g., Radio Punjab USA, TV Punjab, and Punjab1TV.

33. Plaintiffs' stations were the first to use the name Radio Punjab in the Fresno (2014), Bakersfield (2016), and Seattle (2016) radio markets. The Fresno and Bakersfield stations have continuously and exclusively used the Radio Punjab mark since the launch of the stations, for nine and seven years, respectively. The Seattle station used the mark continuously and exclusively for four and a half years from 2016 until 2020 when Dhillon stopped paying rent on the station property and transferred the mark to a sister station KKDZ in Seattle.

34. The Radio Punjab trade name was constantly advertised over the airwaves and was also promoted each year off-air at approximately fifteen Punjabi festivals. The name was associated with stations KIGS Fresno, KGSV Bakersfield, and KZIZ Seattle, as the exclusive providers of Punjabi radio programming in these metropolitan areas.

4.     Conflict Leads to Defendants' Infringement

35.    In March 2022, there was a dispute between Plaintiffs and Defendants, primarily between Batth and Dhillon. Batth told Dhillon he could no longer tolerate Dhillon's failure to provide a financial return to the investors. There was also a dispute about Plaintiffs' self-help action to obtain full ownership of Fresno radio station KQEQ and eliminate Dhillon's ownership interest.[2]

36.    Batth arranged with a non-competing Punjabi radio station in Oakland to obtain programming for the Fresno and Bakersfield stations in place of the programming that had been provided by Dhillon. The two stations continued to broadcast under the name Radio Punjab. Dhillon remained a minority shareholder and a director of the companies, but no longer had operating responsibility.

37.    In response, Dhillon launched a plan to retaliate against Plaintiffs' radio stations and drive them out of business. Beginning in August 2022, he contracted for Baaz Broadcasting to lease airtime on KGST 1600 AM Fresno and KWAC 1490 AM in Bakersfield, and bought KNTS 1680 AM in Seattle. He immediately began using the Radio Punjab service mark for his new stations in direct conflict with Plaintiffs' stations where he maintained a minority interest. He also recruited Sales Manager Gurpreet Singh to defect from KIGS to his new Fresno station.

38.    Dhillon immediately and unlawfully appropriated the Radio Punjab mark and told listeners and advertisers that he was operating the "real" Radio Punjab. He willfully and intentionally created confusion in the radio marketplace. As an example, Dhillon's KGST and KWAC broadcast the following in September 2023:

> "North America's Most Listened Radio Station Radio Punjab…the heartbeat and soul of Punjabis…Radio Punjab…yes…. the real Radio Punjab…. book your business today at a special rate. Listeners Get your business voice up to, for more information you can chat with Sukhdev Singh Dhillon…559-720-1300… five hundred fifty-nine Seven Hundred Twenty, Thirteen Hundred Music…. KGST 1600 Fresno California…KWAC A.M. 1490 Bakersfield California."

---

[2] Dhillon had defaulted on a note to the Seller of radio station KQEQ. Plaintiffs purchased the note from the Seller and then foreclosed on the station to obtain full ownership.

This was a direct infringement and affront to Plaintiffs' stations in which Dhillon still held an interest.

39. Plaintiffs hired an attorney who sent a cease-and-desist letter to Dhillon in February 2023, demanding that he stop using the Radio Punjab name in the three geographic markets at issue and also demanding an accounting and return of the corporate records in his possession. Dhillon provided some records for three out of eleven companies, but otherwise did not respond and did not cease using the Radio Punjab mark.

40. As a result of Defendants' unlawful infringement, the Fresno and Bakersfield stations suffered a dramatic drop in advertising revenue since the summer months of 2023 and continuing to the present time. Dhillon continues to increase his threat to these stations by buying a license to broadcast on KOKO-FM 94.3 in Fresno, which will enable him to have superior night-time radio signal to spread further confusion about the Radio Punjab service mark. By these actions Dhillon seeks to damage the very investors from whom he obtained financing, **even though he remains a shareholder in Plaintiff companies to this day.**

41. Defendant Dhillon engaged in other misconduct while operating as the controlling officer of Plaintiff companies. Upon information and belief, he converted the advertising revenue of Plaintiff companies for deposit in his personal bank accounts at various times between 2019 and 2022. Also, upon information and belief, he intentionally defaulted on rent payments to the City of Seattle, then falsely told his stockholders that the City would not allow the station KZIZ to operate, which enabled him to transfer Radio Punjab broadcasting to a sister station where he would personally benefit financially. Akal Media's Seattle station KZIZ has since lost all of its listeners and advertisers.

IV. <u>CAUSES OF ACTION</u>

<u>First Cause of Action</u>

Unfair Competition, False Endorsement, False Association, and False Designation of Origin

Under Section 43(a)(1)(A) of the Lanham Act, (15 U.S.C. § 1125(a)(1)(A)))

**(Akal Broadcasting Corp. Against Defendants Radio Punjab, TEG Broadcasting, Sukhdev Dhillon, and DOES 1-50)**

42. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

43. Plaintiff Akal Broadcasting was the first to use the Radio Punjab service mark in the geographic region of metropolitan Fresno and used it exclusively in this radio market for nine years on KIGS AM, along with sister station KQEQ AM for seven of those nine years. They promoted the mark through constant daily use over the airwaves and off-air promotional activities.

44. Defendants are falsely representing on the radio airwaves and in public appearances that they are the "real Radio Punjab," infringing on Plaintiffs' established rights to the service mark in Fresno. Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A). Defendant Radio Punjab Inc. is acting through its operation of KGST AM in Fresno and Defendant TEG Broadcasting is the license owner of infringing KOKO-FM in Fresno.

45. Defendants' use of Plaintiff's Radio Punjab mark to attract radio listeners and advertisers is confusing to said listeners and advertisers because Defendants are using the exact same service mark as Plaintiffs, including the Radio Punjab name, logo, and radio tag line jingle.

46. Defendants' use of the Radio Punjab mark has had a material impact on the decisions of listeners and advertisers - Plaintiffs' radio stations have experienced a sharp decline in advertising revenue and a corresponding decline in listeners.

47. Defendants' infringing conduct impacts interstate commerce because all radio broadcasting impacts interstate commerce pursuant to the Supreme Court decision in *Federal Radio Comm'n v. Nelson Bros. Co.*, 289 U.S. 266, 279.

48. As a result of Defendants' conduct Plaintiffs have suffered, and will continue to suffer, irreparable harm to the goodwill of their service mark from Defendants' acts and conduct complained of herein, unless restrained by law.

<u>Second Cause of Action</u>

Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, (15 U.S.C. § 1125(a)(1)(A)))

**(XL Media (CA) Inc. Against Defendants Radio Punjab, Sukhdev Dhillon, and DOES 1-50)**

49. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

50. Plaintiff XL Media (CA) Inc. was the first to use the Radio Punjab service mark in the geographic region of metropolitan Bakersfield and used it exclusively in this radio market for seven years on KGSV 660 AM. The company promoted the mark through constant daily use over the airwaves and off-air promotional activities.

51. Defendants are falsely representing on the radio airwaves and in public appearances that they are the "real Radio Punjab," infringing on Plaintiffs' established rights to the service mark in Fresno. Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A). Defendant Radio Punjab Inc. is acting through its operation of KWAC 1490 AM in Bakersfield.

52. Defendant's use of Plaintiffs' Radio Punjab mark to attract radio listeners and advertisers is confusing to said listeners and advertisers because Defendants are using the exact same service mark as Plaintiffs, including the Radio Punjab name, logo, and radio tag line jingle.

53. Defendants' use of the Radio Punjab mark has had a material impact on the decisions of listeners and advertisers - Plaintiffs' radio station has experienced a sharp decline in advertising revenue and a corresponding decline in listeners.

54. Defendants' infringing conduct impacts interstate commerce because all radio broadcasting impacts interstate commerce pursuant to the Supreme Court decision in *Federal Radio Comm'n v. Nelson Bros. Co.*, 289 U.S. 266, 279.

55. As a result of Defendants' conduct Plaintiffs have suffered, and will continue to suffer, irreparable harm to the goodwill of their service mark from Defendants' acts and conduct complained of herein, unless restrained by law.

<u>Third Cause of Action</u>

Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, (15 U.S.C. § 1125(a)(1)(A)))

**(Akal Media Inc. Against Defendants Baaz Broadcasting, Amar Broadcasting, Sukhdev Dhillon, Mohan Cheema, and DOES 1-50)**

56. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

57. Plaintiff Akal Media Inc. was the first to use the Radio Punjab service mark in the metropolitan Seattle radio market and used it exclusively in this market for four and a half years on KZIZ 660 AM until effectively shut down by Defendant Dhillon. The company promoted the mark through constant daily use over the airwaves and off-air promotional activities.

58. Defendants are falsely representing on the radio airwaves and in public appearances that they are the "real Radio Punjab," infringing on Plaintiffs' established rights to the service mark in Seattle. Defendant's acts and conduct complained of herein constitute unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A). Defendants are acting through their operation of KNTS 1680 AM in Seattle.

59. Defendants' use of Plaintiffs' Radio Punjab mark to attract radio listeners and advertisers is confusing to said listeners and advertisers because Defendants are using the exact same service mark as Plaintiffs, including the Radio Punjab name, logo, and radio tag line jingle.

60. Defendants' use of the Radio Punjab mark has had a material impact on the decisions of listeners and advertisers - Plaintiffs' radio station has experienced a sharp decline in advertising revenue and a corresponding decline in listeners.

61. Defendants' infringing conduct impacts interstate commerce because all radio broadcasting impacts interstate commerce pursuant to the Supreme Court decision in *Federal Radio Comm'n v. Nelson Bros. Co.*, 289 U.S. 266, 279.

62. As a result of Defendants' conduct Plaintiffs have suffered, and will continue to suffer, irreparable harm to the goodwill of their service mark from Defendants' acts and conduct complained of herein, unless restrained by law.

### Fourth Cause of Action

### Common Law Trademark Infringement

### (Against All Defendants and DOES 1-50)

63. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

64. Plaintiff radio stations were first to use the trademark Radio Punjab in the Fresno, Bakersfield, and Seattle radio markets. Such use was exclusive for a period of nine years in Fresno, seven years in Bakersfield, and four and a half years in Seattle.

65. There is a certainty of confusion among radio listeners and advertisers because Defendants are using the exact same trade name "Radio Punjab," service mark, and radio jingle, and intentionally telling radio listeners that their stations are the real "Radio Punjab."

66. Plaintiffs are being harmed by the confusion among both listeners and advertisers, as measured by loss of listeners and loss of advertising revenue.

### Fifth Cause of Action

### Breach of Fiduciary Duty - Washington

### (Against Sukhdev Dhillon and DOES 1-25)

67. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

68. Defendant Dhillon was a Director of Akal Media, the closely held Washington company that owned KZIZ 1560 AM in 2020. In this capacity Dhillon owed a duty of loyalty to the company under RCW 23B.08.310. Under Washington law, the common law duty of loyalty is heightened in a closely held corporation.

69. Dhillon discontinued making rent payments to the City of Seattle in 2020, causing the City to effectively shut down the station's ability to operate. Dhillon falsely told the stockholders that the city of Seattle would not permit construction of a new transmitter on radio

station property and did not disclose his decision to stop making rent payments. Dhillon then transferred the Radio Punjab broadcasting to a sister station KKDZ that had been operating with programming in both Punjabi and Hindi languages. Upon information and belief, Dhillon chose to do this because he and his co-owners/relatives had a greater ownership stake in the other Seattle station KKDZ, thus Dhillon would realize greater personal profit by deceiving his fellow KZIZ stockholders.

70. Dhillon's breach of fiduciary duty was the proximate cause of the shutdown of KZIZ and the consequent complete loss of revenue and profit, producing a drastic reduction in the market value of the radio station.

71. Since Dhillon was the only director with full operational control of KZIZ, Plaintiffs believed his misrepresentations and only became aware of his fraudulent conduct in the summer of 2023 when a consulting engineer told them that Dhillon had failed to pay rent to the city of Seattle.

### Sixth Cause of Action
### Breach of Fiduciary Duty - California
### (Against Sukhdev Dhillon and DOES 1-25)

72. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

73. As a Director of Akal Broadcasting Corp. and XLM Media (CA) Inc., Dhillon owed a duty of loyalty to those companies under Corporations Code, § 309, subd. (a) and California common law.

74. Dhillon breached his fiduciary duty to Plaintiff corporations by launching competing radio stations with a goal to drive out of business the very radio stations for which he had recruited Plaintiff investors, and in which he was a stockholder. His breach of loyalty included the brazen unlawful use of Plaintiffs' service mark, calling his stations the "real Radio Punjab," in an effort to create confusion among listeners and advertisers.

75. Dhillon's breach of fiduciary duty has been the proximate cause of a sharp decline in advertising revenue, listenership, and market value at Plaintiffs' Fresno and Bakersfield radio stations.

Seventh Cause of Action

Conversion

(Against Sukhdev Dhillon and DOES 1-50)

76. The Plaintiffs incorporate all preceding paragraphs of this complaint as though fully set forth herein

77. Plaintiffs' radio stations were entitled to advertising revenue sold for ads run on their stations.

78. Upon information and belief, Defendant Dhillon converted the advertising revenue to his personal use at various times between 2019 and 2022.

79. Plaintiffs were not informed of Dhillon taking station advertising revenue for his personal use and did not consent to such conversion. Since Dhillon had full operational control of the radio stations, Plaintiffs did not discover the facts of Dhillon's conversion until they were informed by former advertising sales manager Gurpreet Nijjar in 2023.

80. Plaintiff companies and stockholders were harmed by the loss of the advertising revenue to Dhillon without compensation. Dhillon's conversion of advertising revenue was the sole cause of the harm to Plaintiffs.

Eighth Cause of Action

Intentional Misrepresentation

(Against Sukhdev Dhillon and DOES 1-50)

81. The Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

82. Dhillon made oral representations to Plaintiffs in phone calls and meetings that they would receive profits of "double their money" upon resale of the radio stations in which they were investing.

83. At the time Dhillon knew that his representations were false, reckless, and not warranted by his information, since he had sold only one radio station at par in Sacramento after Plaintiffs made their investments between March 17, 2015, and June 16, 2017.

84. Plaintiffs reasonably relied upon Dhillon's misrepresentations since Dhillon had been in the radio business for more than 20 years and had been involved in the purchase and sale of radio stations.

85. Plaintiffs were directly damaged because they were induced by these misrepresentations to invest substantial sums of money in Dhillon's companies, only to have him provide zero financial return and launch new companies to drive out of business the companies in which they invested.

### Ninth Cause of Action

### Accounting

### (Against All Defendants)

86. Plaintiffs incorporate by reference all preceding paragraphs of this complaint as though fully set forth herein.

87. Plaintiff individuals were largely passive investors in companies under the complete operational control of Defendant Dhillon.

88. Plaintiffs believe that Dhillon converted company revenues and assets for his personal benefit and/or the benefit of other companies under his control at various times since the dates of their initial investments with Dhillon-operated entities.

89. Plaintiffs' counsel requested by letter dated February 22, 2023, that Dhillon provide all financial records for the companies in which Plaintiffs invested. This request was ignored.

90. Plaintiffs hereby request that the Court order an accounting to be conducted of all financial affairs of the entities operated by Dhillon since 2015.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

A. For issuance of a Permanent Injunction enjoining Defendants from competing against Plaintiffs' radio stations and unlawfully using their service mark Radio Punjab;

B. For judgment in favor of Plaintiffs on their causes of action against Defendants Dhillon and other individuals;

    C.    For judgment in favor of Plaintiffs on their cause of action against Defendant companies;

    D.    For Attorney's Fees and Costs from Defendants related to Lanham Act claims pursuant to 15 U.S.C. § 1117(a);

    E.    For all other relief at law or in equity that Plaintiffs are entitled to that this Court deems just and proper.

DATED: January 5, 2024        THORNTON DAVIDSON, P.C.

_____
By: Thornton Davidson
Attorney for Plaintiffs