# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAL BROADCASTING CORP., et al.<br><br>Plaintiffs,<br><br>v.<br><br>SUKHDEV SINGH DHILLON, et al.,<br><br>Defendants. | Case No. 1:24-cv-00029-JLT-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE STATUS REPORT<br><br>(ECF No. 12)<br><br>**APRIL 30, 2024 DEADLINE** |

On April 18, 2024, the Court issued an order continuing the scheduling conference to May 21, 2024 and requiring Plaintiff to file a status report no later than April 23, 2024 addressing the status of this action. (ECF No. 12.) Plaintiff failed to file a status report by April 23, 2024 as required by the Court's April 18, 2024 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).

The Court requires information regarding the status of this action. On March 27, 2024, Plaintiffs filed an "Interim Stipulation Re: Injunctive Relief" for the undersigned's signature. However, as the undersigned previously informed Plaintiffs in their request for an *ex parte* application for temporary restraining order, a magistrate judge may hear and determine numerous

pretrial matters, except, inter alia, a motion for injunctive relief.  28 U.S.C. § 636(b)(1)(A); L.R. 302.  (ECF No. 8 at 2.)  On April 17, 2027, the District Judge signed the "Interim Stipulation RE: Injunctive Relief."  (ECF No. 11.)

The Court notes, however, Defendants Mohan S. Cheema, Tarnvir S. Bisla, and Jagdeep S. Dhaliwal did not stipulate to the "Interim Stipulation Re: Injunctive Relief," nor were they mentioned therein.  The Court is therefore unaware if the action is proceeding against these three individual Defendants and, if so, whether they have been served or shall be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

As to the stipulating Defendants in this action who are purportedly represented by an attorney (ECF No. 10 at 5), Plaintiffs' complaint requests multiple forms of relief, including a permanent injunction, judgment in Plaintiffs' favor, attorney's fees and costs, and "all other relief at law or in equity that Plaintiffs are entitled to."  (ECF No. 1.)   The Court is unaware if Plaintiffs will continue pursuing any causes of action or requested relief against any or all of the stipulating Defendants and, if so, whether those Defendants have been served.

At present, Plaintiffs have failed to comply with this Court's order.  Therefore, Plaintiffs will be directed to show cause why they should not be sanctioned for failing to file a status report or otherwise comply with the Court's April 18, 2024 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall show cause in writing **no later than April 30, 2024**, why sanctions should not issue for the failure to file a status report as required by the April 18, 2024, order (ECF No. 12); and
2. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **April 24, 2024**                                          _____
                                                                      UNITED STATES MAGISTRATE JUDGE

2