# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAL BROADCASTING CORP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUKHDEV SINGH DHILLON, et al.,<br><br>Defendants. | Case No.  1:24-cv-00029-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT SCHEDULING CONFERENCE<br><br>ORDERING PLAINTIFFS TO PAY PRIOR SANCTIONS<br><br>**JULY 15, 2024 DEADLINE** |

A scheduling conference in this action was set for July 11, 2024 at 2:00 p.m., before the undersigned.  (ECF No. 18.)  Counsel Donald G. Walker appeared by video for Defendant.  Counsel for Plaintiffs, Thornton Davidson, failed to appear at the scheduling conference.

The Court has inherent power to sanction parties or their attorneys for improper conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Plaintiffs shall be required to show cause why sanctions should not issue for the failure by counsel to make any appearance at the scheduling conference held on July 11, 2024.

This is not the first order to show cause in this action. In the same order continuing the scheduling conference to July 11, 2024, Plaintiffs were ordered to pay $150.00 in sanctions via cashier's check to the Clerk of Court for previous failures to respond to Court orders. (ECF No. 18.) However, the Court has no record that Plaintiffs have paid the prior sanctions. The Court shall require Plaintiffs to pay the outstanding sanctions or provide documentation of payment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall show cause in writing **no later than July 15, 2024** why sanctions should not be imposed for the failure of counsel to attend the mandatory scheduling conference;

2. Plaintiffs shall pay $150.00 in sanctions via cashier's check to the Clerk of Court—or provide documentation that Plaintiffs have already done so—**no later than July 15, 2024**; and

3. Failure to fully comply with this order shall result in Plaintiffs and Plaintiffs' counsel being jointly and severally obligated to pay the Clerk of the Court $50.00 per day in sanctions, **beginning on July 16, 2024**.

IT IS SO ORDERED.

Dated:   **July 11, 2024**

UNITED STATES MAGISTRATE JUDGE