# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AKAL BROADCASTING CORP, et al.,

Plaintiffs,

v.

SUKHDEV SINGH DHILLON, et al.,

Defendants.

Case No. 1:24-cv-00029-JLT-SAB

ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO RESPOND TO COURT ORDERS

(ECF Nos. 30, 36)

**SEVEN-DAY DEADLINE**

On June 24, 2025, the assigned District Judge granted the parties stipulation to stay this matter pending arbitration. (ECF No. 30.) Part of the stipulation included that "every 90 days or within 14 days of the completion of arbitration, whichever is sooner, the parties shall file a joint status report updating the Court on the progress of the arbitration or shall file dispositional documents." (Id.) In March 2026, the parties failed to file a joint status report, and the Court directed them to do so, which they complied with. (ECF No. 34, 35.) Again, in July 2026, the parties failed to file a joint status report, and the Court again issued an order directing the parties to file a joint status report. (ECF No. 36.) The Court gave the parties a deadline of July 10, 2026. (Id.) That deadline has passed, and neither party has filed a joint status report or anything else on the docket.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket

and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). The Court shall require the parites to show cause why sanctions should not be issued for the failure to file dispositional documents in compliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that the parties show cause, in writing and either individually or jointly, within **seven (7) days** from the entry of this order why sanctions should not issue for the failure to file to comply with two court orders. (ECF No. 30, 36.) This is not the first time the Court has had to impose sanctions on a party in this matter. (ECF Nos. 13, 16, 18, 25.) **Therefore, the Court trusts that the parties will fully comply with this order to show cause; generic responses will not be tolerated. Failure to comply with this order will result in the issuance of sanctions, including the possible imposition of daily monetary sanctions and, when appropriate, disbarment from this Court and/or reporting of attorneys to the California bar.**

IT IS SO ORDERED.

Dated: **July 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge